**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONNELL PONTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DISTRICT COURT FOR THE<br>EASTERN DISTRICT OF PA.,<br>et al.,<br><br>　　　　Defendants. | Civil No. 10-1514 (JBS)<br><br>**OPINION** |

**APPEARANCES:**

> DONNELL PONTON, Plaintiff Pro Se
> 3714 N. 18th Street
> Philadelphia, Pennsylvania  19140

**SIMANDLE**, District Judge[1]:

Donnell Ponton seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's

---

[1] The undersigned U.S. District Judge for the District of New Jersey has been assigned to handle this docket by Designation of the Chief Judge of the U.S. Court of Appeals for the Third Circuit, filed herein on April 21, 2010, pursuant to 28 U.S.C. § 292(b).

allegations, this Court will dismiss the Complaint with prejudice.[2]

## I. BACKGROUND

The Complaint seeks relief against the United States District Court for the Eastern District of Pennsylvania, Chief Judge Harvey Bartle, III, and Judge Legrome D. Davis. Plaintiff asserts the following facts in the Complaint:

> January 15, 2009, Pro Se Plaintiff/Litigant, Donnell Ponton, filed his Complaint accompanied with **"Official Governmental" Notification of Rights-To-Sue, Issued from both the UNITED STATES DEPARTMENT OF JUSTICE AND U.S. EEOC,** pursuant to his dual-filed Title VII, as amended Complaints with the Pennsylvania Human Relations Commission and UNITED States Equal Employment Opportunity Commission, dated August 8, 2007, February 19, 2008, June 26, 2008 and July 11, 2008.
>
> The UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA'S Chief Judge and Designated Judge's Harvey Bartle, III and Legrome D. Davis Jr., respectively for intentional and willfully with evil intent, violated the secured constitutional rights of the Plaintiff, secured by the **"Act" Title VII, as amended,** pursuant to the Act Title VII-CIVIL ACTIONS BY THE ATTORNEY GENERAL SEC. 2000e-6 [Section 707](a) thru (e) and SEC. 2000e-7 [Section 708], and the Court allowed the following violations . . . by the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION intentionally, and

---

[2] Plaintiff also moves to file an amended complaint and to disqualify Judge Davis. This Court will grant the motion to file an amended complaint because Plaintiff has a right to amend the complaint once under Fed. R. Civ. P. 15(a)(1)(B), and deny the motion to disqualify Judge Davis as moot, the case having been reassigned.

2

have purported to allow exemption from
liability, duty, penalty, or punishment by
Act's laws, case law which purported to allow
**"Discrimination/Retaliation" in direct
conflict with the "Act" Title VII, as
amended.**

The Act Title VII . . . is an act to enforce
the constitutional right to vote, to confer
jurisdiction upon the district courts of the
UNITED STATES to provide injunctive relief
against discrimination in public
accommodations, to authorize the attorney
General to institute suits to protect
constitutional rights in public facilities
and public education to extend the Commission
on Civil Rights, to prevent discrimination .
. .

The Courts' Chief Judge failed to authorize
the Attorney General to institute suits to
protect the constitutional secured rights of
the Plaintiff, in light of the clear
violation of U.S. EEOC SEC. 2000e-4 [Section
705])g)(1) intervening in civil actions . . .
.

The Court authored **(3) Order's and
Accompanying Opinions,** all exceeding the
scope of Title VII, as amended in violation
of the ACT Title VII, as amended, nor has the
court heard the case of the Plaintiff in
violation of the Act Title VII, as amended.
The Court under the Stewardship of Chief
JUDGE Harvey Bartle, III and Designated Judge
Legrome D. Davis, Jr., intentionally violated
the secured rights of the plaintiff, with
evil intent and has abused the conferred
jurisdiction given by Congress . . . and
shall immediately be removed from the bench .
. . . [T]hey have intentionally refused to
honor the laws of these United States, Equal
Employment Opportunity is the law . . . .

(Docket entry #1-1 at pp. 1-2.)

On April 20, 2010, before any court action was taken on his application to proceed in forma pauperis, the Clerk received Plaintiff's motion to file an amended complaint, together with the Amended Complaint, dated April 16, 2010. Since Rule 15(a)(1)(B) authorizes Plaintiff to file an amended complaint as a matter of course, this Court will grant the motion to file the Amended Complaint and direct the Clerk to file same.

The Amended Complaint incorporates the Complaint and names as additional defendants the United States Office of Attorney General and Eric Holder. Plaintiff alleges in the Amended Complaint:

> The Act Title VII, as amended is an Act: To confer jurisdiction upon district courts of the United States to provide injunctive relief, "and to provide for recovery of compensatory and punitive damages in cases of intentional violations of Title VII" . . . , to authorize the attorney General to institute suits to protect constitutional rights . . . .
> 
> The above named agents of the UNITED STATES GOVERNMENT, have intentionally failed and refused to do so; For the U.S. District Court for the Eastern District of Pennsylvania Chief Judge knew or should have known that the "Official" governmental documentation accompanying the Plaintiff's initial complaint, "Notice of Rights-To-Sue" issued from both the U.S. EEOC and "DoJ" was in direct violation and conflict to the Act Title VII, as amended. The Court failed to authorize the attorney General to institute a suit to protect the constitutional rights of the Plaintiff, and the designated Judge failed and or refused, and knew or should have known, that his failure to expedite the

4

case and never allowing the Plaintiff to be
heard before the Court, caused the Plaintiff
considerable damage, both financially as well
as mentally. For the Court was aware of the
Plaintiffs' rights being violated by the
"Official" Municipal documentation directly
submitted to the Court to the direct
attention of Honorable Legrome D. Davis Jr.,
. . . the document in question before the
Court, authored by Counsel for City of
Philadelphia, Geoffrey D. Bruen, Esq., dated
September 21, 2007 (See Attached). The
document which clearly shows both, that City
of Philadelphia wilfully knowingly gave
falsified statements of oath to the Court . .
. and that City of Philadelphia clearly
wilfully with evil intent, violated the
protected and secure rights of the Plaintiff,
**WHEREFORE committing Misconduct/Perjury
before the Court . . .**

. . . [I]n three Orders and Accompanying
Opinions the Court wilfully with evil intent,
as well as the Attorney General maliciously
chose not to honor their duties under Title
VII, as amended did so, this is dehumanizing
at best, and liable to say the least. The
most painful part of this entire process is
that the Attorney General sent agents to the
residents of the Plaintiff May 14, 2009, with
the Plaintiffs' photographs from his criminal
records, showing it to the Plaintiffs'
neighbors harassing and dehumanizing him in
his community, as if he is a criminal and
investigated the Plaintiff, ordering him to
report to the federal building trying to
intimidate him for exercising his rights to
challenge public servants whom are charged
with the responsibilities to protect his
rights. The Attorney General shall have
investigated the clear wrongs, demonstrated
by the "Official" governmental documents
attached to this Complaint. The Court is
charged with preventing discrimination in
public accommodations, yet the Court
effectively in its third Order and
Accompanying Opinion defended the rights of
the City of Philadelphia, and answered the

5

> Complaint for them and hearing them without
> hearing the Plaintiff before the Court in the
> manner prescribed by Title VII . . .
>
> Based on the above mentioned truth, Plaintiff
> demands justice and requests that the named
> defendants be immediately relieved from their
> duties as public servants, for their have
> failed to honor the law of the UNITED STATES
> Government, and their actions are criminal,
> shameful and clearly UN-AMERICAN and
> TERRORIST!

(Docket entry #3-1 at pp. 1-2.)

Attached to the Amended Complaint as Exhibit 3 is what appears to be an email dated September 21, 2007, from Geoffrey Bruen to Anthony DiMeo, indicating that Mr. Ponton has the "right to inspect his personnel file at a reasonable time, place and in a reasonable manner [but] he may not view any internal correspondence, notes, memos or other internal notations involving his medical evaluation, the complaints of harassment from his supervisors or any other internal correspondence regarding/relating to the current dispute . . . . If the PHRC investigation that he has initiated proceeds, the PHRC will request documents from me as part of their investigation and I will handle all those requests . . ." (Docket entry #3-1 at p. 4.)

This Court also takes judicial notice of Plaintiff's litigation before this Court and the United States Court of Appeals for the Third Circuit. On January 15, 2009, Plaintiff filed a civil rights complaint against the United States

Department of Justice, the EEOC, State of Pennsylvania, City of Philadelphia, several labor unions, and other individuals. See Ponton v. U.S. Dept. of Justice/EEOC, Civ. No. 09-0197 (LDD) (E.D. Pa. filed Jan. 15, 2009). The case was assigned to Judge Legrome Davis. Plaintiff alleged that he encountered discriminatory employment practices while employed by the City of Philadelphia and that he reported such discriminatory practices to state and federal administrative authorities who allegedly failed to properly investigate his claims and enforce laws prohibiting discriminatory practices. He alleged that the labor union defendants failed to properly represent him and intervene in the discriminatory practices. Judge Davis dismissed the claims against the State of Pennsylvania, the Department of Justice, and the EEOC on May 13, 2009. Id. Docket Entry #25. Plaintiff filed an amended complaint, and on July 29, 2009, Judge Davis dismissed all claims in the amended complaint against the Department of Justice and the EEOC, primarily on the ground that no federal cause of action exists for improper processing of a discrimination charge. Id., Docket Entry #48. Judge Davis also dismissed the claims against the Philadelphia Mayor's Office, the Streets Department and the Executive and Administrative Branch on the ground that these entities have no corporate existence separate from the City of Philadelphia. Id. On March 9, 2010, Judge Davis denied Plaintiff's motions for summary judgment and

to add additional claims, granted summary judgment to the City of Philadelphia and the labor union defendants on Plaintiff's discrimination, retaliation and other claims, and directed the Clerk to close the file. Id. at Docket Entry nos. 72, 73. Plaintiff filed a notice of appeal on March 15, 2010. Id. at Docket Entry #76. Plaintiff's appeal is pending before the Third Circuit. See Ponton v. AFSCME, AFL-CIO, C.A. Docket No. 10-1766 (3d Cir. docketed Mar. 22, 2010).

## II. STANDARD FOR DISMISSAL

Federal law requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals

8

for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet

9

> that a court must accept as true all of the
> allegations contained in a complaint is
> inapplicable to legal conclusions [or to
> t]hreadbare recitals of the elements of a
> cause of action, supported by mere conclusory
> statements [, *i.e.*, by] legal conclusion[s]
> couched as a factual allegation [e.g.,] the
> plaintiffs' assertion of an unlawful
> agreement [or] that [defendants] adopted a
> policy "'because of,' not merely 'in spite
> of,' its adverse effects upon an identifiable
> group." . . . . [W]e do not reject these bald
> allegations on the ground that they are
> unrealistic or nonsensical. . . . It is the
> conclusory nature of [these] allegations . .
> . that disentitles them to the presumption of
> truth. . . . [Finally,] the question [of
> sufficiency of] pleadings does not turn [on]
> the discovery process. Twombly, 550 U.S.] at
> 559 . . . . [The plaintiff] is not entitled
> to discovery [where the complaint asserts
> some wrongs] "generally," [*i.e.*, as] a
> conclusory allegation [since] Rule 8 does not
> [allow] pleading the bare elements of [the]
> cause of action [and] affix[ing] the label
> "general allegation" [in hope of developing
> actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] which was applied to federal complaints before Twombly. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Following Iqbal, the Third Circuit has required the district courts to conduct, with

---

[3] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

10

regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.] In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"* Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

11

### III. DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. In <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. <u>Bivens</u>, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, <u>Davis v. Passman</u>, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, <u>Carlson v. Green</u>, 446 U.S. 14 (1980). To state a claim for damages under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated his constitutional rights. <u>Malesko</u>, 534 U.S. at 66.

Plaintiff brings this Complaint, as amended, presumably pursuant to <u>Bivens</u>, against the United States District Court for the Eastern District of Pennsylvania, the United States Office of Attorney General, Chief Judge Harvey Bartle, III, Judge Legrome

D. Davis, Jr., and Attorney General Eric Holder. All claims against the United States District Court for the Eastern District of Pennsylvania and the Office of Attorney General will be dismissed with prejudice, however, because a remedy is not available against a federal agency/entity under Bivens. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

The damage claims against Judges Bartle and Davis will also be dismissed with prejudice. "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)). Because the alleged wrongdoing by Chief Judge Bartle and Judge Davis consists of judicial acts relating to Ponton v. U.S. Dept. of Justice/EEOC, Civil No. 09-0197 (LDD), all federal damage claims against the Judges will be dismissed with prejudice. See Mireles v. Waco, 502 U.S. 9 (1991); Capogrosso v. the Supreme Court of the State of New Jersey, 588 F. 3d 180 (3d Cir. 2009).

To the extent that Plaintiff seeks injunctive relief against Chief Judge Bartle and Judge Davis, judicial immunity does not apply, see Capogrosso, 588 F. 3d at 185, but these claims will nonetheless be dismissed with prejudice. Congress has not conferred power upon this Court to direct Chief Judge Bartle

and/or Judge Davis to take further judicial action in Plaintiff's case, see, e.g., Donqon v. Banar, 2010 WL 258782 at *1 (3d Cir. Jan. 25, 2010) ("disagreement with the judges' rulings do not provide a basis for relief"), or to remove them from the bench, which can occur exclusively through impeachment. See U.S. Const. art. II, § 4. Where a litigant disagrees with the actions of a judge in his or her case, the remedy is by review upon appeal, and not by a separate lawsuit seeking to compel the judge to reach a different result. According to the docket, Mr. Ponton has indeed exercised his right to appeal and the matter lies before the U. S. Court of Appeals for the Third Circuit pending review.

Plaintiff also sues Attorney General Eric Holder for allegedly failing to investigate and prosecute alleged violations of Title 7, and for allegedly "sen[ding] agents to the residen[ce] of the Plaintiff May 14, 2009, with the Plaintiff[']s photographs from his criminal records [and] ordering him to report to the federal building." (Am. Compl. at p. 2) (Docket Entry #3-1 at p. 2). First, Plaintiff's allegations against Attorney General Holder regarding the failure to investigate and prosecute Plaintiff's discrimination claims do not satisfy Rule 8 because Plaintiff does not allege facts showing that Holder was personally and directly involved in the decision not to investigate/prosecute Plaintiff's EEOC case. "Because vicarious

14

liability is inapplicable to <u>Bivens</u> . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 129 S. Ct. at 1948. Second, Plaintiff's allegations that Eric Holder sent agents to Plaintiff's residence and ordered Plaintiff to report to the federal building do not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as required by <u>Iqbal</u>, 129 S. Ct. at 1949 (citation and internal quotation marks omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (citations and internal quotation marks omitted). Moreover, Plaintiff does not allege that he was a victim of excessive force or unlawfully arrested, merely that he was directed to report, presumably on his own, to the federal building; this does not state the basis for a constitutional violation under <u>Bivens</u> and its progeny. Because Plaintiff's allegations against Holder do not plausibly give rise to an entitlement to relief, this Court will dismiss the claims against Holder.

The dismissal against Holder will be with prejudice, moreover, because nothing set forth in the Complaint, as amended,

indicates that Holder violated Plaintiff's constitutional rights. A prosecutor is absolutely immune from damages for the decision to initiate or to refrain from initiating civil or criminal proceedings on behalf of the government.[4] Moreover, Plaintiff could not seek an injunction directing Attorney General Holder to bring a civil or criminal proceeding, since "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 831 (1985) ("an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an

---

[4] See Butz v. Economou, 438 U.S. 478, 513 (1978) ("adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages"); Imbler v. Pachtman, 424 U.S. 409, 431 n.33 (1976) (prosecutor is absolutely immune from damages when she initiates a prosecution, including "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants"); Harrington v. Almy, 977 F. 2d 37, 40-42 (1st Cir. 1993) (absolute immunity for prosecutor's decision not to criminally prosecute charges investigated by police officer); Schrob v. Catterson, 948 F. 2d 1402, 1411-13 (3d Cir. 1991) (Assistant United States Attorney is absolutely immune from damages for initiating civil forfeiture proceeding); Meade v. Grubbs, 841 F. 2d 1512, 1532-33 (10th Cir. 1988) (absolute immunity for prosecutor's refusal to bring civil complaint against state officials for civil rights violations); Wilheim v. Continental Title Co., 720 F. 2d 1173, 1177-78 (10th Cir. 1983) (absolute immunity for civil rights division director's decision to close file on employment discrimination charge).

agency's absolute discretion"). Accordingly, the dismissal of the Complaint, as amended, against Attorney General Holder will also be with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis, dismisses Plaintiff's motion to disqualify Judge Davis as moot, grants Plaintiff's motion to amend the complaint, and dismisses the Complaint, as amended, with prejudice. The Court will enter an appropriate Order.

**s/ Jerome B. Simandle**
**JEROME B. SIMANDLE, U.S.D.J.**
(Sitting by Designation, 28 U.S.C. § 292(b))

Dated: **May 17**, **2010**